**HUA MING LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 05–6835–ag.

United States Court of Appeals, Second Circuit.

Nov. 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Hua Ming Lin, New York, NY, pro se, Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Hua Ming Lin, a native and citizen of the People's Republic of China, seeks review of a November 28, 2005, order of the BIA affirming the June 16, 2004, decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua–Ming Lin,* No. A78 853 748 (B.I.A. Nov. 28, 2005), *aff'g* No. A78 853 748 (Immig. Ct. N.Y. City Jun. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." *See* 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 324 (2d Cir.2006). Lin argues that the BIA ignored his argument that he filed his asylum application within one year and then re-filed it within a reasonable time after it was rejected. We find it unnecessary to determine whether this claim constitutes a question of law because, exercising jurisdiction over the withholding of removal claim that is properly before us, we find that this claim would fail even under the more liberal asylum standard. Since we have ascertained from this analysis that Petitioner's asylum claim fails on the merits, we have no need to decide the jurisdictional issues presented in this case and decline to exercise jurisdiction over the merits of Petitioner's asylum claim.

Where, as here, the BIA issues a decision adopting the IJ's decision and supplementing that decision, we review the underlying IJ decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

The agency's denial of relief was supported by the record. The agency found that Lin failed to establish that he suffered past persecution. Because Lin fails to meaningfully challenge that finding, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). The

agency also properly determined that Lin failed to establish a well-founded fear of persecution. Lin agues that Chinese authorities would impute Falun Gong membership or sympathies to him, and persecute him on that basis. An applicant bears the burden of showing the objective reasonableness of his fear. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir.2005); *see also Chun Gao v. Gonzales*, 424 F.3d 122, 130 (2d Cir.2005). As the agency noted, Lin has never practiced or openly supported Falun Gong. And Lin himself testified that the authorities questioned his sister but did not arrest or harm her. We see no error in the agency's conclusion that "there is no evidence that the police would do anything more than question [Lin] about his parents." *See Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005) (holding that the experience of similarly-situated friends and family is relevant to whether an applicant's fear is well-founded). Contrary to Lin's arguments, the agency's decision was not speculative.

Because Lin's withholding of removal claim is premised on the same set of facts that the IJ found insufficient to establish eligibility for asylum, the agency's denial of withholding is also proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Lin has failed to sufficiently challenge the agency's denial of relief under the CAT in his brief to this Court, we deem any such arguments waived. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).